UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                                Case No. 18-20503

vs.                                              HON. MARK A. GOLDSMITH

JAMES CLIFTON LEE,

       Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT JAMES CLIFTON LEE'S PETITION TO APPOINT
COUNSEL (Dkt. 33) AND PETITION FOR COMPASSIONATE RELEASE (Dkt. 34)**

This matter is before the Court on Defendant James Clifton Lee's petition to appoint counsel (Dkt. 33), and petition for compassionate release (Dkt. 34). Lee was sentenced on March 13, 2019, to 60 months' imprisonment after pleading guilty to possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). See Judgment (Dkt. 32). Lee now seeks compassionate release and requests that the Court reduce the remaining months of his prison sentence to home confinement because of the dangers posed by COVID-19. For the reasons that follow, the Court denies Lee's motions.

**I.      BACKGROUND**

Lee is currently serving his sentence at the Federal Correctional Institution ("FCI") in Elkton, Ohio. As discussed in a recent opinion from the Northern District of Ohio, FCI Elkton has had difficulty containing the spread of COVID-19. Wilson v. Williams, No. 4:20-CV-00794, 2020

WL 1940882, at *1 (N.D. Ohio Apr. 22, 2020), enforcement granted, No. 4:20-CV-00794, 2020 WL 2542131 (N.D. Ohio May 19, 2020), and vacated, No. 20-3447, 2020 WL 3056217 (6th Cir. June 9, 2020).  The Bureau of Prisons's (BOP) website reports that at FCI Elkton there are currently 94 inmates who have tested positive for the virus, 7 staff who have tested positive, 9 inmate deaths, and 573 inmates who have recovered.[1]  The BOP has been given increased authority to place federal prisoners in home confinement based on threat posed by COVID-19, and it is conducting a case-by-case analysis of its inmates to evaluate the feasibility of home confinement.  Resp. at 5-12.  Lee made a request to the warden for compassionate release, but his request was denied.  See Request for Reduction, Ex. 1 to Resp. (Dkt. 36-2).

Lee is thirty-four years old and has been diagnosed with asthma.  At the Chronic Care Clinic at FCI Elkton, a doctor noted that Lee's asthma is "well controlled" and that Lee "denied nocturnal and diurnal cough and wheeze."  BOP Clinical Encounter, Ex. 2 to Resp., at PageID.186 (Dkt. 37-1).  Lee was prescribed an Albuterol Inhaler to be used as needed to control symptoms.  Id. at PageID.206.  Because the warden denied Lee's request for home confinement, Lee now seeks a reduction in sentence from this Court under the First Step Act.

## II.  LEGAL STANDARD

"The First Step Act of 2019, Pub. L. 115-391, 132 Stat. 5194, modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582," such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Sapp, No. 14-cr-20520, 2020 WL 515935, at *1 (E.D. Mich. Jan. 31, 2020).  Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence if, after considering the sentencing factors set forth in § 3553(a), the court finds that "extraordinary and compelling reasons warrant

---

[1] See https://www.bop.gov/coronavirus/ (last visited on June 23, 2020).

such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

In the commentary to U.S.S.G. § 1B1.13, the Sentencing Commission has enumerated several extraordinary and compelling reasons justifying a reduction of sentence, including the "Medical Condition of the Defendant," "Age of the Defendant," and "Family Circumstances." U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Some examples of compelling reasons are medical conditions "with an end of life trajectory," a defendant's serious physical deterioration related to the aging process, and death or incapacitation of a caregiver of a defendant's minor child or children. Id. The Guidelines also contemplate "Other Reasons" where the defendant has "extraordinary and compelling reasons other than, or in combination with" the other enumerated reasons. U.S.S.G. 1B1.13 cmt. n.1(D).

### III. ANALYSIS

Lee argues that his asthma makes him particularly vulnerable to the COVID-19 pandemic, and, therefore, he seeks release to home confinement. Mot. at 6. The Government argues that Lee's asthma and the threat of the COVID-19 pandemic generally are not the kind of extraordinary and compelling reasons justifying release. The Government has the better part of the argument.

Lee's asthma does not qualify him for compassionate release. Individuals with moderate-to-severe asthma are at a higher risk for complications from COVID-19.[2] The increased risk is because COVID-19 can affect a person's respiratory tract, cause an asthma attack, and possibly lead to pneumonia and serious illness. The Centers for Disease Control and Prevention ("CDC") recommends avoiding asthma triggers and continuing any prescribed medications. Lee has been

---

[2] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html#asthma (last visited on June 23, 2020).

prescribed medication and his medical records reflect that his asthma is well controlled. Lee may have an elevated risk of developing the more severe symptoms of COVID-19, but that generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of "extraordinary and compelling reasons" justifying compassionate release identified by the Sentencing Commission. Lee has not contracted the virus, and his asthma, in light of his relatively young age and access to medication, does not fall in the category of illnesses with an end of life trajectory, or other reasons, under the guidelines. A reduction in sentence would not be consistent with the policy statements issued by the Sentencing Commission.[3]

Therefore, the Court finds that appointing counsel to represent Lee in this matter is not warranted, and Lee is not entitled to compassionate release.

## IV. CONCLUSION

For the reasons stated above, Lee's petition to appoint counsel (Dkt. 33) and petition for compassionate release (Dkt. 34) are denied.

SO ORDERED.

Dated: June 29, 2020  s/Mark A. Goldsmith
 Detroit, Michigan  MARK A. GOLDSMITH
  United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2020.

s/Karri Sandusky
Case Manager

---

[3] Even in the context of pretrial release—which is not confined by the stringencies of the "extraordinary and compelling reasons" standard applicable here—courts have not granted relief from custody without a strong showing that a prisoner has a significant risk of suffering harm from COVID-19. See, e.g., United States v. Wise, No. 18-20799, 2020 WL 1873364, at *3 (E.D. Mich. Apr. 15, 2020); United States v. Brown, No. 13-20337, 2020 WL 2092651, at *5-*7 (E.D. Mich. May 1, 2020).

4