UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                              Case No. 18-20503

vs.                                           HON. MARK A. GOLDSMITH

JAMES CLIFTON LEE,

       Defendant.
_____/

**OPINION & ORDER**
**DENYING DEFENDANT'S RENEWED MOTION FOR COMPASSIONATE RELEASE (Dkt. 39)**

Defendant Clifton James Lee pleaded guilty to possession with intent to distribute at least 28 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1); being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(a). Judgment at 1 (Dkt. 32). The Court sentenced him to 60 months' imprisonment. Id. at 2. Lee began serving his sentence on March 13, 2019 and he is presently incarcerated at FCI Elkton.

Lee previously filed a motion for compassionate release, asserting that asthma placed him at increased risk of severe illness from COVID-19 while incarcerated (Dkt. 34). The Court denied Lee's motion for failure to demonstrate extraordinary and compelling reasons for release (Dkt. 38). Lee has now filed a renewed motion for compassionate release, once again arguing that his asthma increases his risk of severe illness from COVID-19 (Dkt. 39). Having considered all briefing and record materials submitted by the parties, the Court denies Lee's renewed motion.[1]

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2).

## I. ANALYSIS

The First Step Act (FSA) modified the statute concerning the compassionate release of federal prisoners, 18 U.S.C. § 3582(c), such that district courts may entertain motions filed by incarcerated defendants seeking to reduce their sentences. United States v. Ruffin, 978 F.3d 1000, 1003–1004 (6th Cir. 2020). Before granting a compassionate release motion, a district court must engage in a three-step inquiry: (i) the court must find that "extraordinary and compelling reasons warrant [a sentence] reduction"; (ii) it must ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (iii) it must "consider[] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)." United States v. Jones, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. § 3582(c)(1)(A)). If all of those requirements are met, the district court "may reduce the term of imprisonment," but it need not do so. 18 U.S.C. § 3582(c)(1)(A).

Regarding the first step of the inquiry, the United States Court of Appeals for the Sixth Circuit has held that, with respect to motions for compassionate release filed by imprisoned individuals, "extraordinary and compelling" reasons are not limited to those set forth in U.S.S.G. § 1B1.13. Jones, 980 F.3d at 1109. It has further held that "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the [FSA], district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." Id.

The Court considers in turn whether (i) Lee properly exhausted his claims, (ii) extraordinary and compelling circumstances compel Lee's release, and (iii) the § 3553(a) factors support Lee's release.

2

**A. Exhaustion**

Before an inmate moves for compassionate release under 18 U.S.C. § 3582(c)(1), the inmate must either exhaust his or her administrative remedies with the Bureau of Prisons (BOP) or wait thirty days from when the inmate filed a request with his or her warden. United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020).

Lee concedes that he did not file a request for compassionate release with his warden before filing his renewed motion; however, he argues that it would have been futile for him to do so since he filed such a request with the warden before filing his first motion, which the warden denied. Mot. at 10; Reply at 2–3 (Dkt. 45). The Government disagrees that Lee should be excused from compliance with the exhaustion requirement on the basis of futility. Gov't Resp. at 13–14 (Dkt. 41). It argues that there have been factual changes since Lee filed his last request (notably, Lee contracted and recovered COVID-19, and also received the COVID-19 vaccine), and these factual changes warrant a continued requirement of exhaustion. Id. at 14 (citing United States v. Cain, 1:16-cr-00103-JAW-1, 2021 WL 388436, at *4 (D. Me. Feb. 3, 2021); United States v. Goodwin, No. 17-20018, 2020 WL 7316110, at *2 (E.D. Mich. Dec. 10, 2020)).

The Sixth Circuit has rejected the argument that there is a futility exception to the exhaustion requirement, instead making clear that exhaustion is a mandatory condition that courts must enforce. Alam, 960 F.3d at 835. Accordingly, the fact that Lee's warden previously denied a similar request for compassionate release did not excuse him from complying with the exhaustion requirement once again before filing the instant motion for compassionate release. His failure to comply with the requirement means that his instant motion must be denied. Even if Lee had properly exhausted his administrative remedies, his motion would still fail. As explained below,

Lee cannot show extraordinary and compelling reasons to release him and, further, the § 3553(a) factors do not support releasing him.

### B. Extraordinary and Compelling Circumstances

With respect to motions for compassionate release premised on a defendant's fear of contracting COVID-19, the Sixth Circuit has held that "generalized fears of contracting COVID-19, without more, do not constitute a compelling reason" to grant compassionate release. United States v. Ramadan, No. 20-1450, 2020 WL 5758015, at *2 (6th Cir. Sept. 22, 2020). Courts generally consult the guidance on high-risk factors published by the Centers for Disease Prevention and Control (CDC) to determine whether a defendant's specific conditions placed him at a higher risk of suffering severe illness from COVID-19. See United States v. Elias, 984 F.3d 516, 521 (6th Cir. 2021).

Lee argues that he is entitled to release because his asthma increases his risk of severe illness from COVID-19. Although the CDC recognizes "moderate to severe asthma" as a health condition that can increase an individual's risk of severe illness,[2] Lee's medical records do not indicate the severity of his asthma. See BOP Health Records (Dkt. 42-1). This Court and others have declined to find that asthma of unspecified severity is an extraordinary and compelling reason for release. See United States v. King, No. 18-20416, 2021 WL 1220864, at *2 (E.D. Mich. Apr. 1, 2021) (citing United States v. Seals, No. 13-00653, 2020 WL 3578289, at *4 (D. Haw. Jul. 1, 2020)).

The framework for analyzing motions for compassionate release premised on an inmate's fear of contracting COVID-19 has changed in light of the BOP's mass distribution of vaccines.

---

[2] CDC, "People With Certain Medical Conditions," https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html [https://perma.cc/6LE4-JZUF].

4

The Sixth Circuit recently clarified that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." United States v. Lemons, No. 21-5313, —F.4th—, 2021 WL 4699249, at *3 (6th Cir. Oct. 8, 2021).  In other words, once an inmate has access to the vaccine, the inmate cannot show that his or her fear of COVID-19 is extraordinary or compelling, regardless of whether the inmate gets vaccinated or refrains from doing so.  Lee's health records evince that he has access to the vaccine, as they reflect that Lee received the second of the two-dose Pfizer-BioNTech vaccine on August 11, 2021.  See BOP Health Records at PageID.322.  Thus, even if Lee's asthma were moderate-to-severe, the Court would still be bound to deny his motion.

The Court commends Lee on his decision to get vaccinated and hopes that Lee takes comfort from the fact that he is now protected to the full extent of the vaccine.[3]  According to the CDC, the vaccine reduces the risk of COVID-19 among people who are fully vaccinated "by 90 percent or more."[4]  Further, for people who are vaccinated but still get COVID-19, the vaccine has been shown to "provide protection against severe illness and hospitalization among people of all ages eligible to receive [it]." Id.  Significantly, "[t]his includes people . . . who are at higher risk of severe outcomes from COVID-19." Id.  On another optimistic note, current data reflect that FCI Elkton is no longer suffering from an uncontrolled outbreak of the virus.  Rather, there are currently no confirmed active cases of COVID-19 among inmates and only three cases among staff

---

[3] CDC, "When You've Been Fully Vaccinated," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html [https://perma.cc/R9T5-XZMZ].

[4] CDC, "COVID-19 Vaccines Work," https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html [https://perma.cc/RY9T-ZCCR].

at FCI Elkton.[5] In addition, of the 1,397 inmates at FCI Elkton,[6] 1,260 have been vaccinated (90.19%).[7]

For these reasons, the Court holds that Lee has failed to show an extraordinary and compelling reason to grant him release. Even if he had, compassionate release would still be unwarranted based on the § 3553(a) factors, as explained below.

### C. Section 3553(a) Factors

Before granting a sentence reduction under the FSA, the Court must consider the § 3553(a) factors, which include the nature and circumstances of a defendant's offenses, the seriousness of the offenses, the need to promote respect for the law, and the need to protect the public from further crimes by the defendant.

Lee argues that several considerations support releasing him: his lack of prior drug offenses, his completion of self-improvement courses while incarcerated, and the support of his family. Mot. at 15—16. While these considerations are not insignificant, they are eclipsed by the seriousness of Lee's crimes as well as the need to provide just punishment and promote respect for the law.

Lee's crimes were undoubtedly serious. Lee possessed with the intent to distribute cocaine base. Cocaine base is a Schedule II controlled substance due to its dangerousness, high potential for abuse, and ability to cause severe psychological or physical dependence among users. The circulation of such addictive drugs presents a grave danger to the community's health and

---

[5] BOP, "COVID-19 Cases," https://www.bop.gov/coronavirus/ (lasted visited Nov. 1, 2021).

[6] BOP, "FCI Elkton," https://www.bop.gov/locations/institutions/elk/ [https://perma.cc/FX33-6BNN].

[7] BOP, "COVID-19 Vaccine Implementation," https://www.bop.gov/coronavirus/ (last visited Nov. 1, 2021).

wellbeing. Police officers found these drugs in the same backpack as a handgun and ammunition, see Rule 11 Plea Agreement at 4 (Dkt. 25), which reflects that Lee was armed and prepared to use violence in connection with his drug trafficking activities. For these serious crimes, Lee is currently serving a sentence below the Guidelines range and the statutory mandatory minimum. Releasing Lee when he has only served approximately half of this already-reduced sentence would not provide just punishment or promote respect for the law. See United States v. Allen, No. 1:11-cr-025, 2021 WL 274795, at *5 (E.D. Mich. Jan. 27, 2021) (holding that releasing an inmate who received a below-Guidelines sentence and had only served "approximately half" of that sentence would not adequately reflect the seriousness of the inmate's crime).

Thus, on balance, the § 3553(a) factors do not support releasing Lee at this time.

## II. CONCLUSION

For the reasons stated above, Lee's renewed motion for compassionate release (Dkt. 39) is denied.

SO ORDERED.

Dated: November 2, 2021  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 2, 2021.

s/Karri Sandusky
KARRI SANDUSKY
Case Manager